UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GREGORY KERRICK, | : | CIVIL ACTION NO. 07-5889 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| BOROUGH OF SEASIDE PARK, et al., | : |  |
| Defendants. | : |  |

**THE COURT** ordering the plaintiff to show cause why the action should not be stayed and administratively terminated, with leave to reopen for good cause shown, pending the disposition of any related criminal matter (dkt. entry no. 2, Order to Show Cause ("OTSC")); and the plaintiff bringing this action, <u>inter alia</u>, to recover damages under 42 U.S.C. § ("Section") 1983 related to his arrest by defendants who were police officers ("Federal Claims") (dkt. entry no. 1, Compl.); and the plaintiff appearing to allege that he was criminally charged due to the circumstances underlying the arrest (<u>id.</u> at ¶ 23); and

**IT APPEARING** — pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) — that (1) the Court must determine whether a Section 1983 claim, "<u>if</u> <u>successful</u>, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid", and (2) if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim would be

barred until the conviction is overturned, <u>Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety</u>, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted), <u>cert. denied</u>, 547 U.S. 1035 (2006); and

**THE COURT** thus being concerned that if the plaintiff were successful on the Federal Claims, then an eventual underlying state criminal conviction could be rendered invalid; and it appearing that when an indicted plaintiff brings a Section 1983 claim "before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended", <u>Wallace v. Kato</u>, 127 S.Ct. 1091, 1098 (2007); and the Court thus ordering the plaintiff to show cause why the action should not be stayed and administratively terminated pending the disposition of any related criminal matter (<u>see</u> OTSC); and

**IT APPEARING** that an order administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy, <u>see</u> <u>Delgrosso v. Spang & Co.</u>, 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of

future proceedings", and "does not purport to end litigation on the merits");[1] and

**THE PLAINTIFF FAILING** to respond to the Court's order to show cause; and the Court thus intending to (1) grant the order to show cause, and (2) stay and administratively terminate the action, with leave to seek ancillary relief or reopen when appropriate; and for good cause appearing, the Court will issue an appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** March 18, 2008

---

[1] The plaintiff was arrested on December 6, 2005 (see Compl., at ¶ 18), and commenced the action on December 7, 2007. (See dkt. entry no. 1 (noting complaint filed 12-7-07).)  The plaintiff may have run afoul of the statute of limitations for the Federal Claims.